**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE WILLIAMS | |
| Appellant | No. 360 EDA 2019 |

Appeal from the PCRA Order entered January 10, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0419612-1990

BEFORE: BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 18, 2019**

Appellant, George Williams, appeals *pro se* from the January 10, 2019 order entered in the Court of Common Pleas of Philadelphia County, denying as untimely Appellant's sixth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, including review of Appellant's reply brief, we affirm.[1]

---

\* Former Justice specially assigned to the Superior Court.

[1] On August 29, 2019, Appellant filed a "Motion for Leave to File Attachments to Reply Brief." The motion is GRANTED. We have considered both his reply brief and the attachments thereto in reaching our decision. We note, however, that the focus of Appellant's reply brief relates to perceived inconsistencies between the counterstatement of the case in the Commonwealth's brief and the factual background set forth in an opinion authored by Third Circuit Court of Appeals Judge Marjorie O. Rendell in a case involving Appellant's accomplice and co-defendant, Michael Rainey. ***See Rainey v. Secretary Pennsylvania***

The PCRA court provided the following procedural history:

On December 7, 1989, [Appellant] and an accomplice fatally shot seventy-four-year-old Carrol Fleming during a robbery at his home. On December 27, 1991, following a jury trial presided over by the Honorable John J. Poserina Jr., [Appellant] was convicted of second-degree murder, robbery, and possession of an instrument of crime. On April 8, 1994, the trial court imposed a sentence of life imprisonment. On December 21, 1994, following a direct appeal, the Superior Court affirmed the judgment of sentence. [Appellant] did not seek *allocatur* in the Pennsylvania Supreme Court.

PCRA Court Opinion, 3/29/19, at 1 (footnote omitted).

As the PCRA court explained, Appellant filed his first PCRA petition on March 4, 1995. The petition was dismissed as meritless and his subsequent appeal was unsuccessful. Likewise unsuccessful were Appellant's four PCRA petitions filed between 2006 and 2012[2], all of which were neither timely filed nor saved by any exception to the PCRA's timeliness requirements.[3] *Id.* at 2.

Appellant filed his sixth PCRA petition on December 27, 2016. On October 9, 2018, the PCRA court notified Appellant that the petition, including

---

*Department of Corrections*, 658 Fed.Appx. 142 (3d. Cir. 2016). Appellant's contention that the Commonwealth authored the statement of the case in the Third Circuit opinion strains credulity. Further, to the extent any differences exist in the two accounts, those differences are *de minimus* and inconsequential.

[2] In July 2013, Appellant filed a supplement to his 2012 petition. The PCRA court addressed the supplemental petition when it dismissed the 2012 petition as untimely. PCRA Court Opinion, 11/24/14, at 2.

[3] 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

a supplemental petition filed on April 27, 2017, would be dismissed in accordance with Pa.R.Crim.P. 907.[4] Appellant filed a response on October 29, 2018. On January 10, 2019, the court dismissed the petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In this appeal, Appellant asks us to consider four issues, which we set forth here verbatim:

1. WHETHER APPELLANT SATISFIED THE FILING REQUIREMENTS OF 42 PA.C.S. § 9545(B)(1)(i-iii)(2) WHEN HIS APRIL [27], 2017 PCRA PETITION WAS FILED WITHIN 60 DAYS OF THE PENNSYLVANIA SUPREME COURTS MARCH 28, 2017 ANNOUNCEMENT OF COMMONWEALTH-V-BURTON, 2015 PA SUPER 176, WAP 2016 AND PROPERLY PLED STATUTORY EXCEPTION 42 PA.C.S. § 9545(B)(1)(III)?

2. WHETHER APPELLANT'S SENTENCE IS LAWFUL WHEN THERE IS NO SENTENCING STATUTE AUTHORIZING A MANDATORY LIFE IMPRISONMENT SENTENCE UNDER 18 PA.C.S. § 1102 FOR SECOND DEGREE MURDER AS OF HIS 12/27/91 CONVICTION AND 4/8/94 SENTENCING; AND THIS COURT DID NOT HAVE AN OPPORTUNITY TO IMPOSE AN ALTERNATIVE SENTENCE UPON FINDING THAT NO AGGRAVATING FACTORS WERE PRESENT TO WARRANT A MANDATORY LIFE IMPRISONMENT SENTENCE AND/OR TO HEAR MITIGATING FACTORS AND TO TAILOR AN APPROPRIATE SENTENCE TO ADDRESS THE REHABILITIVE NEED OF THE 20 YEAR OLD CHILD/JUVENILE (42 PA.C.S. § 6138 GIVES 18, 19 AND 21 YEARS OF AGE FOR A CHILD)?

---

[4] The document filed by Appellant on December 27, 2016 was actually a letter directed to the Honorable Jeffrey Minehart, who had dismissed Appellant's fifth PCRA petition as untimely. On April 27, 2017, Appellant "supplemented" the letter with a document titled, "Petition under [PCRA]." PCRA Petition, 4/27/17, at 1. The matter was assigned to the Honorable Genece Brinkley, who considered the filings jointly before issuing the Rule 907 notice.

3. WHETHER APPELLANT IS ENTITLED TO A NEW TRIAL WHEN THE SUPERIOR COURT PANEL ANNOUNCED IN ITS JULY 14, 2015 NONPRECEDENTIAL DECISION FOR THE FIRST TIME THAT APPELLANT'S TRIAL TRANSCRIPTS HAVE BEEN PERMANENTLY LOST AND THERE IS NO TRANSCRIBED RECORD OF APPELLANT'S CONVICTION FOR THE COURT TO REVIEW?

4. WHETHER APPELLANT IS ENTITLED TO REMAND, DEVELOPMENT OF RECORD AND/OR A NEW TRIAL BASED UPON: THE SUPRESSED 75-48S (POLICE REPORTS), MAY 28, 2013 AFFIDAVIT OF KEVIN M. LEWIS; ADAs BARBARA CHRISTIE, THOMAS PERRICONE, AND DETECTIVES MISCONDUCT; AND THE KNOWINGLY USED PERJURED TESTIMONY OF ALVIN "EYEBALL" MORGAN AND KEVIN M. LEWIS LEFT UNCORRECTED BY ADA PERRICONE THAT WAS PREVIOUSLY UNKNOWN TO APPELLANT, BUT THAT HAS SINCE BEEN REVEALED/DISCOVERED?

Appellant's Brief at vi.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007) (citations omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition

raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[5]

We begin by addressing the timeliness of Appellant's petition, recognizing that "[t]he PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[6] claim separate from consideration of its timeliness). Further, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

As noted above, this Court affirmed Appellant's judgment of sentence on December 21, 1994. Appellant did not seek allowance of appeal. Therefore, Appellant's judgment of sentence was final on January 20, 1995,

_____

[5] Section 9545(b)(2) was amended, effective December 24, 2018, to enlarge the deadline from sixty days to one year. Appellant's petition and the claims raised therein predate the amendment.

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

when his time to seek allowance of appeal expired. *See* Pa.R.A.P. 1113. Consequently, Appellant had until Monday, January 22, 1996, to file a PCRA petition. The instant petition filed on December 27, 2016, and supplemented on April 27, 2017, is facially untimely. Unless Appellant has alleged and proven an exception to the PCRA's time bar, neither this Court nor the PCRA court can exercise jurisdiction over his claims.

To invoke an exception to the PCRA's time bar, a petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As the PCRA court recognized, Appellant attempted to invoke the newly-recognized constitutional right exception to save his untimely sixth PCRA petition. Specifically, Appellant "advanced the Pennsylvania Supreme Court's decision in *Commonwealth v. Burton*, 158 A.3d 618 (Pa. Super. 2017)." PCRA Court Opinion, 3/29/19, at 4 (citing Appellant's Supplemental Petition, 4/27/17, at 1). However, Appellant failed "to show that *Burton* created a

new constitutional right for purposes of subsection 9545(b)(1)(iii)." *Id.*

Therefore, the court determined, Appellant's "attempt to resurrect claims

raised in prior PCRA petitions on the basis of **Burton** was unavailing." *Id.*

We agree. In **Commonwealth v. Kretchmar**, 189 A.3d 459 (Pa.

Super. 2018), *appeal denied*, 198 A.3d 1046 (Pa. 2018), this Court rejected

a claim that **Burton** created a new constitutional right. The Court announced:

> In **Burton**, our Supreme Court held that the presumption that
> information which is of public record cannot be deemed
> "unknown," for purposes of Section 9545(b)(1)(ii), does not apply
> to incarcerated, *pro se* petitioners. **Burton**, 158 A.3d at 638.
> Nowhere in the **Burton** decision did our Supreme Court suggest
> the creation of a new constitutional right, nor did the Court engage
> in any form of constitutional analysis in reaching that decision. To
> the contrary, **Burton** is a case of statutory construction or, more
> specifically, it limits the scope of a prior interpretation of the text
> of Section 9545(b)(1)(ii). In narrowing that prior interpretation,
> the **Burton** Court did not invoke any provisions or rights set forth
> in the Pennsylvania or Federal Constitutions. Indeed, there is not
> a single reference to either Constitution in the opinion.
>
> Instead, the **Burton** Court grounded its decision on two precepts.
> First, the **Burton** Court determined that "the application of the
> public record presumption to *pro se* prisoners is **contrary to the
> plain language of subsection 9545(b)(1)(ii)**[.]" **Id.**
> (emphasis added). Second, the Court found that the prior
> interpretation "was imposed without any apparent consideration
> of a *pro se* prisoner's actual access to information of public
> record." **Id.** Thus, the **Burton** decision was based on the plain
> text of Section 9545(b)(1)(ii), and a common sense
> understanding that incarcerated PCRA petitions do not have *carte
> blanche* access to information in the public domain.
>
> Moreover, the **Burton** decision did not constitute a watershed rule
> of criminal procedure.

*Id.* at 463 (emphasis in original).

The PCRA court also properly rejected Appellant's reliance on **Miller v. Alabama**, 132 S.Ct. 2455 (2012), to resurrect his time-barred claim under the new constitutional right exception. PCRA Court Opinion, 3/29/19, at 4 (addressing **Miller** claim asserted in Appellant's December 27, 2016 filing). The United States Supreme Court recognized **Miller**'s retroactive application on collateral review in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). However, **Miller** proscribes a sentence of "mandatory life without parole for those **under the age of 18** at the time of their crimes[.]" **Miller**, 132 S.Ct. at 2460 (emphasis added). Appellant was 20 years old at the time of his crime. Therefore, as this Court recognized when rejecting Appellant's **Miller** claim raised in his fifth PCRA petition, "the holding in **Miller** is wholly inapplicable to [Appellant's] case, and [Appellant] has failed to plead and prove a timeliness exception with respect to this claim." **Commonwealth v. Williams**, 2523 EDA 2014, unpublished memorandum at 6 (Pa. Super. filed July 14, 2015).

In addition to the newly-recognized constitutional right exception, Appellant suggests he has satisfied the requirements of the newly-discovered facts exception with respect to three police reports and a May 28, 2013 affidavit from Commonwealth witness Kevin Lewis that highlights alleged misconduct of assistant district attorneys and detectives relating to perjured testimony of Commonwealth witnesses. These claims were likewise

considered and rejected by this Court in response to Appellant's fifth PCRA petition as lacking in merit. *Id.* at 6-13.

We conclude the PCRA court's findings with regard to Appellant's sixth PCRA petition are supported by the record. To the extent claims of newly-discovered facts were not addressed in the PCRA court's March 2019 opinion, we find those claims were previously litigated and rejected as meritless. Further, we discern no error in the PCRA court's conclusions regarding untimeliness of the petition and the lack of any applicable exception to save the petition from the PCRA's time bar. Therefore, we shall affirm the order of the PCRA court dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/19